AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
## for the
### District of New Mexico

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

FEB 12 2025

MITCHELL R. ELFERS
CLERK OF COURT

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
        Pedro Luna Delgado )
        DOB 8/19/1994 )
        A-216549105 )

Case No. 25-268 MR

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See attachemnt A, attached hereto and incorporated herein

located in the _____ District of _____ New Mexico _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached and fully incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(5)(A) | Firearms Violations |

The application is based on these facts:
See Attachment C, which is attached and fully incorporated herein.

☒ Continued on the attached sheet.

☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Gavin Larsen, FBI Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephonically sworn and electronically submitted *(specify reliable electronic means)*.

Date: 2/12/25

_____
Judge's signature

City and state: Las Cruces, New Mexico

Gregory J. Fouratt, U.S. Magistrate Judge
Printed name and title

## ATTACHMENT A

### Person to be Searched

1. The person to be searched is Pedro Luna Delgado, DOB 8/19/1994, Alien Number A-216549105 whose photograph is shown below:



## ATTACHMENT B

### Items to be Seized

1. A DNA sample via buccal swab from Pedro Luna Delgado.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Gavin Larsen, being first duly sworn, hereby depose and state as follows:

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to collect DNA samples from Pedro Delgado, further described in attachment "A," by collecting oral (buccal) swab samples according to the standard practices and procedures employed by the FBI for DNA testing. Based on my training and experience, I believe the requested DNA sample will yield evidence that Pedro Delgado engaged in federal crimes in violation of: 18 U.S.C. § 922(g)(5)(A) Alien in Possession of a Firearm.

2. I am a Federal Bureau of Investigation (FBI) Special Agent (SA) currently assigned to the Albuquerque Division, Las Cruces Resident Agency. I have been employed by the FBI since July 2018. Prior to becoming a SA, I was employed as a police officer with the Aberdeen Police Department in Aberdeen, South Dakota. As an FBI SA, I am authorized to investigate crimes including 18 U.S.C. § 922(g)(5)(A) Alien in Possession of a Firearm.

3. The affidavit is being submitted for the limited purpose of obtaining a search warrant for DNA evidence. I have not included each and every fact known to me or other law enforcement agents concerning this investigation.

## FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE

4. On or about July 29, 2024, Dona Ana Sheriffs Office (DASO) Deputies received information regarding a possible drive by shooting involving a silver Chevy Tahoe. While deputies were in the area a 911 call came in from Victim (1) about being assaulted from Pedro Luna Delgado (Delgado) and that he left their residence in a silver Chevy Tahoe (Tahoe).

5. DASO deputies stopped the Tahoe, and the front passenger was identified as Delgado. Delgado stated to the DASO deputy saying that he hit the male and not the female. Delgado stated to the DASO deputy saying it was all him and the other two males in the vehicle had nothing to do with it. Delgado was transported to the DASO station where he was later interviewed by a DASO detective.

6. A DASO detective responded to the residence, where the 911 call was made, and interviewed a witness and the victims. The witness stated that Delgado called Victim (1) on the phone stating he was going to kill Victim (1). Later in the evening Witness stated that Delgado opened the door to the residence carrying a black handgun with an extended magazine and went to the bathroom where Victim (1) and Victim (2) were located. The witness followed Delgado into the bathroom and witnessed Delgado pull Victim (1) to the ground by their hair and hit them with the bottom of the handgun. Delgado also hit Victim (2) in the head with the bottom of the handgun. Delgado then pointed the handgun at Victim (2) saying he was going to kill Victim (2). Another individual entered the house separating Delgado from the victims and told Delgado that he needed to leave.

Page | 1

7. The DASO detective then interviewed Victim (2) on scene. Victim (2) stated that Delgado was making death threats to them and Victim (1). Victim (2) stated that evening they were taking a shower when they heard other people in the house yelling Delgado's name. Delgado came into the bathroom with a black handgun and an extended magazine striking Victim (2) in the head twice with the bottom of the handgun. Delgado then pointed the firearm at Victim (2) stating that he was going to kill them. Victim (1) stepped between Delgado and Victim (2) and Delgado struck Victim (1) in the head with the handgun causing Victim (1) to begin bleeding.

8. The DASO detective then went and interviewed Victim (1) at the hospital. Victim (1) said that Delgado called them saying they were on the way to kill Victim (2). Victim (1) stated that they heard the witness scream "Pedro no!" before Delgado entered their bathroom with a handgun with an extended magazine. Delgado entered the bathroom saying, "I'm going to kill you!" and jumped into the shower striking Victim (2) with the bottom of the gun on their face. Delgado pointed the handgun at Victim (2) and said he was going to kill them. Victim (1) moved themselves between Delgado and Victim (2) when Delgado grabbed Victim (1) by the hair and struck Victim (1) with the gun on top of their head. Shortly after this Delgado and another male left from the residence.

9. The DASO detective went to the DASO station and read Delgado his *Miranda* rights which he stated he understood and then the detective interviewed Delgado. Delgado admitted going over to the Victims house and entering the home. Delgado admitted going into the bathroom to where victims were. Delgado stated that they struck Victim (2) with their fists. Delgado also stated that they may have struck with Victim (1) as they were in-between Victim (2) and him. When the DASO detective stated that witnesses saw Delgado with a gun Delgado said that he had a cell phone in his hand that he struck Victim (2) with and may have struck Victim (1) with the cell phone.

10. The following day DASO detectives obtained a state search warrant for the Tahoe. Located under the center console of the vehicle was a Smith & Wesson SD9 VE 9mm handgun bearing serial number FZN8169. Located behind the glovebox of the vehicle was a Palmetto State Armory Dagger Full Size-S bearing serial number SZF013362 with an extended magazine.

11. Agents determined that Delgado is an illegal alien who was last deported on 11/29/2023 and had an alien number of 216549105.

12. I know based on my training and experience and in consultation with agents from the Bureau of Alcohol, Tobacco, and Firearms, that neither the Smith & Wesson nor Palmetto State Armory manufactures firearms in the State of New Mexico. Therefore, the firearms travelled within interstate commerce.

13. Based on my training and experience, I am aware that items such as firearms and ammunition often contain the fingerprints and/or DNA of suspects who have handled the items. I am aware

Page | 2

that DNA evidence is easily transferred to metal and plastic surfaces, such as firearms and that this evidence may not be visible to the naked eye. The evidence, if it exists, may assist in determining the identity of any person who may have handled the firearms and drug evidence.

14. The firearm that was seized from the search warrant of the vehicle are currently in the custody of the FBI. Therefore, I am requesting DNA samples from Delgado in the form of buccal cells on oral swabs. The oral swabs will be collected from the inside cheek portion of the mouth to sufficiently collect buccal cells pursuant to the standard practices and procedures employed by the FBI for DNA testing.

### CONCLUSION:

15. I believe that based upon the information contained herein, there is probable cause to obtain warrants to collect a DNA sample from Pedro Delgado in order to procure evidence and or instrumentalities of violations of: 18 U.S.C. § 922(g)(5)(A) Alien in Possession of a Firearm.

16. This affidavit has been reviewed by Assistant United States Attorney Kirk Williams of the District of New Mexico.

Respectfully submitted,

*[signature]*

Gavin Larsen
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on February 12, 2025: *via phone*

*[signature]*

Gregory J. Fouratt, U.S. Magistrate Judge
United States Magistrate Judge

Page | 3